ORIGINAL

# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 AUG -5  A 10: 17

|  |  |  |
|---|---|---|
| SAMUEL COOPER, ALBERT FERGUSON, and HERBERT H. MILLER, JR., on behalf of themselves and all others similarly situated, | : | CIVIL ACTION |
|  | : |  |
| Plaintiffs, | : |  |
| v. | : |  |
| PACIFIC LIFE INSURANCE COMPANY and PACIFIC SELECT DISTRIBUTORS, INC., | : |  |
| Defendants. | : | NO. CV203-131 |

## O R D E R

On May 9, 2005, the Court granted Plaintiffs' motion for class certification (the "Certification Order"), on behalf of all persons or entities who purchased an individual deferred variable annuity contract, or who received a certificate to a group variable deferred annuity contract, issued by Pacific Life Insurance Company, or who made an additional investment in a separate account investment option under such a contract, where the annuity was used to fund a contributory retirement

plan or arrangement qualified for favorable income tax treatment pursuant to §§ 401, 403, 408A, or 457 of the Internal Revenue Code, on or after August 19, 1998, through April 30, 2002 (the "Class").[1]

Presently before the Court are the parties' proposed Notices to Class Members. With minor modifications, Plaintiffs' proposed Notice will be **ADOPTED**. Pacific Life's request to send a questionnaire to Class Members will be **DENIED**.


## DISCUSSION

## I.    The Class Definition Is Not Unfairly Expansive

As an initial matter, Pacific Life contends that the class definition was expanded unfairly by the inclusion of investors who purchased variable annuities before the class period began, but made additional investments during the class period. The Court rejects this argument. Investors were not obligated to make additional investments into their Pacific Life variable annuities. Each new investment was voluntary, and independent

---

[1] The Class definition excluded Defendants, any officer or director of Defendants or entity in which Defendants had a controlling interest at any relevant time, any member of those persons' immediate families and legal affiliates, heirs, controlling persons, agents, successors and predecessors in interest or assigns of any such excluded person or entity.

AO 72A
(Rev. 8/82)

of previous commitments to buy securities. <u>Radiation Dynamics,</u> <u>Inc. v. Goldmuntz</u>, 464 F.2d 876, 891 (2d Cir. 1972). Any securities fraud that occurred during the later transactions is independently actionable. <u>See</u> <u>Goodman v. Epstein</u>, 582 F.2d 388, 410-14 (7th Cir. 1978)(capital contributions by limited partners not a "one-shot deal," but rather constituted separate purchases of securities); <u>Deutschman v. Beneficial Corp.</u>, 761 F. Supp. 1080, 1087 (D. Del. 1991)("it would be illogical to hold that a monthly exchange of value in terms of dollars for . . . shares at market price could be anything other than purchases of securities.").

## II.  **Defendants' Questionnaire is Improper**

Pacific Life also argues that it should be permitted to send a questionnaire to the Class Members along with the Class Notice. Plaintiffs submit that Defendants' proposed discovery is, at best, premature, because the trial in this matter could proceed in two stages. During the first stage, common questions could be resolved and, if the Class prevailed, a second stage could follow, where matters relating to individual questions could be determined.

3

Defendants assert that it is proper for them to inquire into individual matters, like reliance, because bifurcating the trial of this matter would violate their Seventh Amendment rights. Pacific Life maintains that the individual questions of reliance are inextricably intertwined with the common questions, which raises the possibility that a second jury could reexamine the findings of fact made by the first jury. The Court need not now decide whether it would be helpful, or feasible, to bifurcate the trial in this case. Regardless of how the trial of the case proceeds, Defendants' proposed discovery is improper, particularly at this relatively early stage in the litigation.

The modern class action is not a joinder device. As the Supreme Court has explained, generally, "an absent class-action plaintiff is not required to do anything." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810 (1985).[2] Unlike the class representative, absent class members do not initiate the action, and are not active participants in it.

---

[2]

Consistent with that sentiment, and the Eleventh Circuit's discussion of class members' obligations in Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1555 (1986), the Court has included in the Class Notice a modified version of Defendants' proposed paragraph eighteen, discussing Class Members' possible discovery obligations, to explain that some of those obligations may arise even if Class Members decide to opt out of the litigation.

AO 72A
(Rev. 8/82)

One of the goals of Rule 23, avoidance of a multiplicity of actions, would be frustrated by saddling class members with discovery obligations. Federal Judicial Center, Manual for Complex Litigation § 21.41 (4th ed. 2004). Consequently, class action defendants are not permitted to seek discovery from absent class members as a matter of course. Indeed, some courts have decided that absent class members are not "parties" for the purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure. See Wainwright v. Kraftco Corp., 54 F.R.D. 532, 534 (N.D. Ga. 1972); Fischer v. Wolfinbarger, 55 F.R.D. 129, 132 (W.D. Ky. 1971). In cases allowing such discovery, two closely-related tests have emerged to judge the propriety of discovery requests. In one formulation, courts require that the discovery (1) is not directed toward winnowing the size of the class, (2) is necessary, (3) would not require the assistance of a lawyer or other expert to answer, and (4) seeks information not known to movant. Clark v. Universal Builders, 501 F.2d 324, 340-41 & n.24 (7th Cir. 1974). Other courts have required that the discovery (1) be sought in good faith and not be overly burdensome, (2) be relevant to common questions, and (3) be unavailable from the representative parties. Dellums v. Powell, 566 F.2d 167, 187 (D.C. Cir. 1977); see generally

AO 72A
(Rev. 8/82)

Alba Conte & Herbert B. Newberg, Newberg on Class Actions §§ 16.1-16.3 (4th ed. 2002).

Defendants have moved for permission to propound a lengthy questionnaire to absent Class Members. The proposed questionnaire focuses exclusively on matters relating to individual Class Members' claims. Pacific Life envisions responses to the questionnaire as being voluntary — "in the first instance." Sending a list of thirty-nine questions, counting sub-parts, to Class Members with the Class Notice may have the unwelcome effect of confusing recipients into believing that they must answer the questions to remain in the lawsuit. In any event, it could deter claimants with small damages from participating in the suit.

"The party moving to include the questionnaire has the burden of proving necessity." Schwartz v. Celestial Seasonings, 185 F.R.D. 313, 316 (D. Colo. 1999); Enter. Wallpaper Mfg. Co. v. Bodman, 85 F.R.D. 325, 327 (S.D.N.Y. 1980)(requiring a strong showing). Pacific Life has not met this standard. Assuming, for the sake of argument, that discovery into individual matters would otherwise be proper,[3]

---

[3]

But see, e.g., Bisgeier v. Fotomat Corp., 62 F.R.D. 118, 120-21 (N.D. Ill. 1973)(finding that interrogatories were irrelevant because of the
(continued...)

AO 72A
(Rev. 8/82)

Pacific Life has not shown that the proposed discovery is necessary. In the Certification Order, the Court noted that Defendants may "overcome the presumption of reliance at trial as to any particular class member[,]" with documents and evidence from NASD-registered representatives, such as was submitted by Pacific Life from Joseph Jacques, Robert Szuch, and CUE.

One place for Defendants to look for evidence to support its defenses in the instant matter, then, are those very sources: the registered representatives who sold their variable annuity products directly to the Class Members, and the broker-dealers for whom they worked. To the extent such individuals and entities are forthcoming, Pacific Life might obtain documents, like disclosure forms, from these sources in much the same way as it obtained documents from Jacques and CUE.

Defendants might also consider deposing registered representatives pursuant to Federal Rule of Civil Procedure 30,

---

[3](..continued)
Affiliated Ute presumption of reliance); In re Lucent Techs. Inc. Sec. Litig., Civ. A. No. 00-621 (JAP), 2002 U.S. Dist. LEXIS 8799 *3-*6 (D.N.J. May 7, 2002)(rejecting questionnaire related to reliance by individual class members); In re Worlds of Wonder Sec. Litig., No. C-87-5491 SC (FSL), Fed. Sec. L. Rep. (CCH) P97,018, 1992 U.S. Dist. LEXIS 10503 at *13-*15 (N.D. Cal July 9, 1992)(same).

or seeking documents from such third-party witnesses by subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45. These avenues could provide much information, and not have the adverse effect of discouraging Class Members' participation in the lawsuit.

In sum, Pacific Life has not demonstrated that it is entitled to conduct discovery of absent Class Members.

## CONCLUSION

For the reasons explained above, Pacific Life's request to send its proposed questionnaire to Class members is **DENIED**. Plaintiffs' proposed Class Notice is **ADOPTED**, with minor changes.

**THE COURT HEREBY ORDERS** that:

(a) Within ten (10) days of the date of this Order, Defendants shall provide Class Counsel with a list of names and addresses of all those persons who are part of the Class. Such listing shall be made available in computer-accessible form so as to facilitate prompt mailing at reasonable cost;

(b) Class Counsel shall: (i) within fourteen (14) calendar days of the date it receives from Defendants the names and addresses of all members of the above-defined class, in

8

accordance with the Court's Certification Order, cause the Class Notice, substantially in the form annexed hereto as Exhibit A, to be sent by regular mail, postage prepaid, to those persons identified pursuant to paragraph (a) above; and (ii) within twenty-one (21) calendar days of the date it receives from Defendants the names and addresses of all members of the Class, cause the Summary Class Notice, substantially in the form annexed hereto as Exhibit B, to be published one time in the national edition of <u>The Wall Street Journal</u> and <u>USA Today</u>;

(c) By the date of mailing the Class Notice, Class Counsel shall post on their website a copy of the Certification Order, accessible through the website's "Search" function using the phrase "Cooper v. Pacific Life," for the benefit of Class Members, as described in the Class Notice;

(d) Within a reasonable time after the publication of the Summary Class Notice, Class Counsel shall cause an affidavit or affidavits to be filed with the Clerk of Court and served upon all parties to evidence the fact that the Class Notice was mailed and the Summary Class Notice was published; and

(e) The deadline for requests for exclusions and entries of appearances pursuant to Fed. R. Civ. P. 23(c)(2) as set

AO 72A
(Rev. 8/82)

forth in the Class Notice shall be ninety (90) calendar days from the date of the initial mailing of the Class Notice. Within a reasonable time after the deadline for requests for exclusions, Class Counsel shall cause an affidavit to be filed with the Clerk of Court and served by hand on all parties which shall provide a list of all persons or entities from whom exclusion requests have been received, identified by name and address.

**SO ORDERED**, this ____4th____ day of August, 2005.


_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# EXHIBIT A

## In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

|  |  |  |
|---|---|---|
| SAMUEL COOPER, ALBERT FERGUSON, and HERBERT H. MILLER, JR., on behalf of themselves and all others similarly situated, | : : : : | CIVIL ACTION |
| Plaintiffs, | : |  |
| v. | : |  |
| PACIFIC LIFE INSURANCE COMPANY and PACIFIC SELECT DISTRIBUTORS, INC., | : : | |
| Defendants. | : | NO. CV203-131 |

### COURT-ORDERED NOTICE TO CERTAIN CURRENT AND FORMER PACIFIC LIFE ANNUITY OWNERS THAT A CLASS ACTION IS PENDING

This Notice is being sent to you, and many other persons who purchased variable annuities issued by Pacific Life Insurance Company, in order to provide information about this class action lawsuit, which is pending in this Court and which may affect your rights. Please read it carefully.

AO 72A
(Rev. 8/82)

1. The lawsuit was brought on behalf of a group of persons, defined as all who:

- purchased an individual variable deferred annuity contract, or who received a certificate to a group variable deferred annuity contract, issued by Pacific Life Insurance Company, or who made an additional investment in a separate account investment option under such a contract,

- between August 19, 1998, and April 30, 2002,

- and the contract was used to fund a contributory retirement plan or arrangement qualified for favorable income tax treatment pursuant to §§ 401, 403, 408A, or 457 of the Internal Revenue Code.

2. In other words, if, between August 19, 1998, and April 30, 2002, you purchased or made an additional investment in a variable annuity issued by Pacific Life, and the annuity was placed or held in a tax-deferred retirement plan (Individual Retirement Account, 401(k), 403(b), etc.), then you are a "Class Member."

3. You are receiving this Notice because Pacific Life's records indicate that you are a Class Member. If you do not

12

AO 72A
(Rev. 8/82)

fall within the Class, this Notice does not apply to you and you may disregard it.

4. The rest of this Notice provides information about this lawsuit and about the courses of action you may take. The lawsuit is still being contested. Depending on the outcome, Class Members may or may not receive money damages or other relief. This Notice does not suggest how the lawsuit will be resolved.

5. This Notice is being provided pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the Court, dated May 9, 2005, which decided that the lawsuit could proceed as a class action on behalf of the Class Members as defined above.

### What Is This Lawsuit About?

6. Plaintiffs' Complaint alleges that between August 19, 1998, and April 30, 2002, the two Pacific Life defendants ("Pacific Life") committed securities fraud because they did not disclose, when marketing and selling variable deferred annuities to Class Members, that a main economic value of such annuities — tax deferral of earnings — is unnecessary for persons investing through qualified retirement plans.

7. Plaintiffs allege that Pacific Life was motivated by pecuniary gain to sell the annuities to Class Members, who were all retirement plan investors, without disclosing that the tax shelter was of no value to them.

8. Plaintiffs contend that Pacific Life did this in order to collect higher fees and surrender penalties from the Class Members, which add up to substantial profits for Pacific Life, in excess of what could be gained by selling mutual funds. According to the Complaint, the additional "mark-up" was used for profit and to pay commissions to sales agents, or registered representatives, that are two to ten times higher than the commissions paid on sales of mutual funds.

9. Plaintiffs also allege that Pacific Life failed to implement proper procedures to confirm whether an annuity was a suitable product for qualified retirement plan investors, regardless of whether a suitability analysis was performed at the time of purchase by the registered representative involved in the sale of the variable annuity(ies).

10. The Complaint seeks money damages, a declaration that the annuity contracts are voidable at the election of buyers, restitution, and/or the right to terminate the annuity contracts without penalty.

14

AO 72A
(Rev. 8/82)

11. Pacific Life denies Plaintiffs' allegations. Pacific Life contends that its actions were proper under the federal securities laws, and it asserts that it is not liable to Plaintiffs or other Class Members.

12. Defendants assert that qualified plan investors already knew, or should have known, that all of the tax advantages of the variable deferred annuity were unnecessary. Defendants also contend that the product has features other than tax deferral that make it attractive to buyers funding qualified retirement plans.

13. The Court has not reached any conclusion and does not express any opinion as to whether Plaintiffs or Defendants are correct or will prevail in this lawsuit. The Court has sustained the legal sufficiency of the securities fraud claims in the Complaint, but has not otherwise made any determination of the merits of the claims. There is no assurance that a judgment in favor of the Class will be granted.

14. On November 25, 2003, the Court issued an Order appointing Samuel Cooper as Lead Plaintiff; Milberg Weiss Bershad & Schulman LLP[4] as lead counsel; and Tucker, Everitt,

---

[4] Previously, this law firm was named Milberg Weiss Bershad Hynes & Lerach LLP.

AO 72A
(Rev. 8/82)

Long, Brewton, & Lanier as liaison counsel for Plaintiffs and the Class.

15. On May 9, 2003, the Court issued an Order certifying this lawsuit as a class action on behalf of the Class, and appointing Samuel Cooper, Albert Ferguson, and Herbert H. Miller, Jr., as Class Representatives.

15. This Notice is intended to advise you that this lawsuit is pending and to describe your rights, including the right to remain a Class Member, or to exclude yourself from the Class.

## Rights If You Remain A Class Member

17. **If you wish to remain a Class Member, you are not required to do anything at this time.** If you remain a Class Member, you will be bound by any judgment in this lawsuit, whether it is favorable or unfavorable. If there is a recovery, and you show that you are a Class Member and that no valid defenses apply to you, you will be entitled to share in any monetary damages or other benefits recovered by the Class, less such costs, expenses, and attorneys' fees as the Court may approve. If you remain a Class Member and Defendants prevail in this case, you will not recover any damages and you will not

AO 72A
(Rev. 8/82)

be able to pursue a lawsuit on your own with regard to any of the issues raised or decided in this lawsuit.

18. Regardless of whether you remain a Class Member, you may have certain obligations during the pendency of this case. Specifically, you could be called to testify, under oath, at a deposition or at trial. If you decide to remain a Class Member, you may have additional obligations, which could include providing sworn, written answers to written questions posed by the attorneys in this lawsuit. Also, you could be required to provide documents in your personal possession to the attorneys in this lawsuit. If you wish to remain a Class Member, you should be aware that your responses to any of these obligations could keep you from sharing in any recovery, even if other Class Members recover money damages.

### If You Wish To Be Excluded From The Class

19. **If you wish to exclude yourself from the Class, you must make a request in writing on or before _____, 2005.** In order to be valid, each such request for exclusion must set forth the name and address of the person requesting exclusion, must state that you request exclusion from the Class in <u>Cooper v. Pacific Life Insurance Company</u>, CV203-131, must identify the contract number(s) of your variable deferred annuity(ies)

17

issued by Pacific Life, and must be signed. If you are requesting exclusion, you must mail your Request for Exclusion postmarked no later than _____ to the Notice Administrator at the following address:

> Cooper v. Pacific Life Insurance Co.
> P. O. Box 9000, #6325
> Merrick, NY 11566-9000

Do not request exclusion if you wish to participate in this lawsuit as a Class Member.

20. If you exclude yourself from the Class, you will not be bound by any judgment in this lawsuit and you will not be entitled to share in any recovery in this lawsuit. You may seek to pursue any legal rights you may have against any Defendant on your own. You should consult an attorney of your choice if you plan to sue individually, because, among other reasons, you will need to know about any deadlines for filing such an individual claim.

### Further Proceedings

21. If you remain a Class Member, you will be represented by the Lead Counsel for the Class as appointed by the Court, which is the law firm of Milberg Weiss Bershad & Schulman LLP. If you wish, you may also enter an appearance in this lawsuit personally or through your own counsel at your own expense.

AO 72A
(Rev. 8/82)

22. Class Members are not personally responsible for any attorneys' fees or expenses. Any fees or expenses ultimately awarded by the Court to Plaintiffs' counsel will be payable only out of the recovery in the lawsuit, if any.

23. It is anticipated that this lawsuit will now go forward until one side prevails or it is settled.

### Availability Of Court Papers

24. This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this lawsuit are available for inspection, during business hours, at the Office of the Clerk of Court, United States District Court for the Southern District of Georgia, 801 Gloucester Street, Suite 222, Brunswick, Georgia 31520. Class Members may view a copy of the Court's Order of May 9, 2005, certifying the case as a class action, at Plaintiffs' Lead Counsel's website, <www.milbergweiss.com>. The Order provides a detailed description of the factual and legal issues involved in this litigation. To view it, type "Cooper v. Pacific Life" into the "Search" function on the law firm's website, and select the document from the search results listed. Class Members also may obtain a copy of the operative Complaint by contacting Plaintiffs' Lead Counsel.

AO 72A
(Rev. 8/82)

25. If you have any questions about this Notice, you may consult an attorney of your own choosing at your own expense, or you may contact Plaintiffs' Lead Counsel. Please do not address any questions to the Court, the Clerk, or the Judge. Plaintiffs' Lead Counsel is:

Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119
Toll-Free Number: (800) 320-5081

**BY ORDER**, this 4th day of August, 2005,

THE HONORABLE ANTHONY A. ALAIMO
UNITED STATES DISTRICT COURT JUDGE
FOR THE SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# EXHIBIT B

## In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

SAMUEL COOPER, ALBERT        :        CIVIL ACTION
FERGUSON, and HERBERT H.
MILLER, JR., on behalf of     :
themselves and all others
similarly situated,          :

     Plaintiffs,          :

       v.            :

PACIFIC LIFE INSURANCE     :
COMPANY and PACIFIC SELECT
DISTRIBUTORS, INC.,       :

     Defendants.         :        NO. CV203-131

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

**TO ALL PERSONS WHO:**

- purchased an individual variable deferred annuity contract, or who received a certificate to a group variable deferred annuity contract, issued by Pacific Life Insurance Company, or who made an additional investment in a separate account investment option under such a contract,

- between August 19, 1998, and April 30, 2002,

AO 72A
(Rev. 8/82)

- and the contract was used to fund a contributory retirement plan or arrangement qualified for favorable income tax treatment pursuant to §§ 401, 403, 408A, or 457 of the Internal Revenue Code.

This Summary Notice is to advise you that the above action has been certified to proceed as a class action on behalf of the above owners, or former owners, of Pacific Life Insurance Company variable annuities. The action asserts claims against Pacific Life Insurance Company and Pacific Select Distributors for violations of certain provisions of the federal securities laws. Defendants have denied all allegations of wrongdoing asserted against them and have asserted affirmative defenses.

If you are, or may be, a member of the Class and have not received a copy of a detailed printed Notice of Pendency of Class Action (the "Notice"), you may obtain a copy of the Notice by contacting the Notice Administrator at:

Cooper v. Pacific Life Insurance Co.
P. O. Box 9000, #6325
Merrick, NY 11566-9000

Unless you request an exclusion from the Class on or before _____, 2005, pursuant to the procedures set forth in the Notice referred to above, you will be bound by all orders and judgments in this action, and will not be able to file, participate in, or continue any other action or

22

proceeding based on, or relating to, the claims, causes of action, facts, or circumstances of this action.

This Notice does not indicate any expression of opinion by the Court concerning the merits of any of the claims or defenses asserted in the action. This Summary Notice is merely to advise you of the pendency of the action, and the availability of the detailed Notice.

Dated: August 4, 2005

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

J. Carroll
W. Harrell
K. Hemr
B. Kerr
J. Long
J. Pollack
M. Spencer
T. Tucker
L. Weiss

CASE NO:  CV203-131

DATE SERVED: 8/5/05

SERVED BY:  slt

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate