IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SAMUEL COOPER, ALBERT
FERGUSON, and HERBERT H.
MILLER, JR., on behalf of themselves
and all others similarly situated,

    Plaintiffs,

vs.               CIVIL ACTION NO.: CV203-131

PACIFIC LIFE INSURANCE COMPANY,
and PACIFIC SELECT DISTRIBUTORS,
INC.,

    Defendants.

## ORDER

Defendants have filed a Motion in Limine to Preclude Reference to "Agents." Defendants seek an Order barring Plaintiffs' reference to certain of Defendants' registered representatives as "agents" of Defendants. ("Motion in Limine #12," Doc. No. 164). Defendants assert that the Court has previously ruled that Plaintiffs may not proceed on a principal-agent theory of liability, and that as a result, any use of the term "agent" would unfairly suggest the application of that theory of liability and confuse the jury. Defendants further contend that the registered representatives are not, in fact, its agents, but are agents of customers, and that therefore any use of the term would be erroneous as a matter of law. Defendants suggest the use of "registered representative" as an alternative to "agent."

AO 72A
(Rev. 8/82)

Plaintiffs contend that because persons who sell insurance products to the public are commonly referred to as "insurance agents," they should not be restricted from using the term. Plaintiffs allege that confusion will result if the term is avoided. Furthermore, Plaintiffs assert that the term "agents" is an entirely accurate description of the individuals in question.

In light of the Court's prior ruling on the principal-agent liability issue, the term "agent" may confuse and mislead the jury causing unfair prejudice to Defendants. Defendants' Motion is **GRANTED**. Plaintiffs are instructed to use a substitute term, such as "registered representative," in lieu of the term "agent."

**SO ORDERED**, this 13th day of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE