FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 DEC 13 P 12: 0

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SAMUEL COOPER, ALBERT FERGUSON, and HERBERT H. MILLER, JR., on behalf of themselves and all others similarly situated, :<br><br>Plaintiffs, :<br><br>vs. :<br><br>PACIFIC LIFE INSURANCE COMPANY, and PACIFIC SELECT DISTRIBUTORS, INC., :<br><br>Defendants. : | CIVIL ACTION NO.: CV203-131 |

## ORDER

Defendants have filed a Motion in Limine to Preclude Presentation of Evidence Not Identified in Response to Its Interrogatories. ("Motion in Limine #4," Doc. No. 156). Defendants contend that Plaintiffs failed to provide complete responses to certain of its interrogatories. Specifically, Defendants allege that Plaintiffs failed to respond to requests for specific instances of industry-wide practices supporting their position, for specific class members whose annuity contracts were unsuitable for his or her financial situation, and specific evidence of Defendants' registered representative failing to disclose tax treatment and class members' unawareness of the same. Defendants assert that because Plaintiffs failed to set forth this evidence during discovery, they should now be barred from offering

AO 72A
(Rev. 8/82)

the evidence at trial. Plaintiffs assert that in response to these particular interrogatories, they did identify specific evidence and that Defendants have been given fair notice of their positions and supporting evidence.

The Court finds that any failure to disclose evidence in these broad categories must be evaluated at the time of its being offered at trial, when the specific pieces of evidence can be identified in context. There is no current indication that Defendants will be prejudiced or surprised by the evidence, or that any failure by Plaintiffs to be more specific was not harmless error. Likewise, there is no evidence of bad faith on the part of Plaintiffs. The blanket preclusion order Defendants seek is simply unwarranted. Defendants' Motion in Limine #4 is **DENIED** at this time. Should Plaintiffs seek to introduce such evidence, the Court shall rule on its admission given the context of the proffer at that time.

SO ORDERED, this 13th day of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev. 8/82)