IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JAN -3  A 11: 42

CLERK _____
____ DIST. OF GA.

| | |
|---|---|
| SAMUEL COOPER, ALBERT FERGUSON, and HERBERT H. MILLER, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC LIFE INSURANCE COMPANY, and PACIFIC SELECT DISTRIBUTORS, INC.,<br><br>Defendants. | CIVIL ACTION NO.: CV203-131 |

## ORDER

Plaintiffs have filed a "Motion in Limine to Exclude the Testimony of Daniel J. McCarthy, FSA, MAAA." Plaintiffs allege that McCarthy's opinion is not based on any particular actuarial knowledge or experience, and is not sufficiently reliable or helpful to be admitted in this case. Defendants have filed an Opposition to Plaintiffs' Motion in Limine, in which they contend that Plaintiffs' contentions are actually directed toward McCarthy's conclusions, as opposed to his qualifications or methodology, and that therefore he should not be disqualified as an expert.

Expert testimony is admissible only if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or

to determine a fact in issue. City of Tuscaloosa v. Harcros Chem., Inc., 158 F.3d 548, 562 (11th Cir. 1998). Under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the trial judge acts as a gatekeeper to screen expert testimony for admissibility.

Based on this three-prong analysis, Plaintiffs first contend that McCarthy's opinion on the value of the so-called "death benefit" feature of the annuity contracts is inadmissible. Plaintiffs contend that this opinion is not based on the application of any specialized knowledge because McCarthy did not employ any actuarial analysis in placing value on the death benefit and instead simply calculated statistics that do not require any actuarial expertise. Plaintiffs further assert that McCarthy's opinion as to the death benefit value fails to be either helpful or reliable. Plaintiffs allege that because McCarthy failed to apply specialized knowledge or methodology in valuating the benefit, his opinion is unreliable in that respect and would not aid the jury in this case.

Conversely, Defendants contend that it is Plaintiffs' experts who have employed no analysis in forming opinions as to the valuation of the death benefit. Defendants assert that McCarthy did, in fact, use his specialized actuarial knowledge to gather data and form his professional judgment as to whether the death benefit has value, and that Plaintiffs will have the opportunity to challenge the correctness of that judgment on cross-examination.

Next, Plaintiffs contend that McCarthy's additional opinions are not admissible because they are not based on specialized knowledge. With regard to McCarthy's opinion about the value of the annuitization option feature of the annuity contracts, Plaintiffs assert that no support or analysis was provided. Plaintiffs allege that McCarthy's opinion that the annuitization option "carries significant long-term risks" for Pacific Life is baseless

2

speculation not founded in any analysis. Further, Plaintiffs contend that McCarthy's opinion as to the taxation of variable annuities versus mutual funds is based on no specialized knowledge, analysis, or methodology. Finally, Plaintiffs allege that McCarthy's opinion that variable annuity commissions are not "substantially higher" than mutual fund commissions is not based on any methodology or analysis and should therefore be excluded. Defendants assert that McCarthy's opinions on these issues are properly admissible as there is no reason to exclude them under the relevant evidentiary standards.

This Court finds that McCarthy's methodology in forming his opinions regarding the value of the death benefit, the risk of the annuitization option, the relative taxation of variable annuities versus mutual funds, and the variable annuity commissions, is sufficiently reliable and relevant to the issues at hand to overcome Plaintiffs' Motion. Plaintiffs' objections to the opinions of this expert are more appropriately addressed in a cross-examination setting. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596, 113 S. Ct. at 2798. Plaintiffs will have the opportunity to cross-examine McCarthy. At most, Plaintiffs have presented an issue of credibility, which would be properly addressed by a jury, not in a Motion to Exclude. Thus, Plaintiffs' Motion is **DENIED**. Defendants' Request for Oral Argument on this Motion is likewise **DENIED**.

**SO ORDERED**, this 3rd day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)