IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT

2007 FEB -6  A II: 23

SAMUEL COOPER, ALBERT
FERGUSON, and HERBERT H.
MILLER, JR., on behalf of themselves
and all others similarly situated,

   Plaintiffs,

vs.

PACIFIC LIFE INSURANCE COMPANY,
and PACIFIC SELECT DISTRIBUTORS,
INC.,

   Defendants.

CIVIL ACTION NO.: CV203-131

## ORDER

Defendants have filed a Motion to Preclude Proposed Expert Testimony of Vincent Micciche and to Bar Reference to Pacific Life's Purposed "Control" of the Sales Process or Registered Representatives. (Doc. No. 154). Defendants' primary allegation is that Micciche's opinions as to Pacific Life's alleged duties and breach of those duties should be excluded because they constitute legal conclusions which are not appropriate subjects of expert testimony. Defendants further contend that these opinions are not "the product of reliable principles and methods" as is required by Federal Rule of Evidence 702. Furthermore, Defendants assert that Micciche's opinion that Pacific Life has control over the sales process is also not a reliable opinion. Plaintiffs have filed a Response to Defendants' Motion, in which they contend that Micciche's testimony about Pacific Life's duties is actually related to industry custom and practice. Plaintiffs further contend that

Micciche's testimony as to the control issue is completely reliable and relevant. Defendants have filed a Reply in further support of their Motion. For the following reasons, Defendants' Motion is hereby **DENIED**.

Expert testimony is admissible only if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. City of Tuscaloosa v. Harcros Chem., Inc., 158 F.3d 548, 562 (11th Cir. 1998). Additionally, otherwise admissible expert testimony may be excluded if it constitutes a legal conclusion or otherwise "tell[s] the jury what conclusion to reach," as this in no way assists the trier of fact. Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990). In other words, the expert witness cannot substitute for the court in relating to the jury the applicable law. U.S. v. Milton, 555 F.2d 1198, 1203 (5th Cir.1977) (citation omitted). Under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the trial judge acts as a gatekeeper to screen expert testimony for admissibility.

## I.     Micciche's Testimony Is Not Excluded

Micciche may opine as to industry custom and practice without presenting bare conclusions of law. The line between proper expert testimony (facts, inferences to draw therefrom, and the expert's opinion) and improper expert testimony (the actual requirements of the law) is often difficult to draw. "As the Eleventh Circuit has noted, 'the law in this circuit pertaining to the admissibility of an expert's opinion couched in legal

terms is not crystal clear.' However, where, as here, the substance of the expert's testimony concerns ordinary practices and trade customs which are helpful to the fact-finder's evaluation of the parties' conduct against the standards of ordinary practice in the insurance industry, his passing reference to a legal principle or assumption in an effort to place his opinions in some sort of context will not justify the outright exclusion of the expert's report in its entirety." Travelers Indem. Co. of Ill. v. Royal Oak Enters., 2004 WL 3770571, *2 (M.D. Fla. 2004).

In this case, Plaintiffs proffer Micciche's testimony under the assurance that it is "intended to reflect actual industry custom and practice." (Doc. No. 216, p. 5). Plaintiffs make the ultimately persuasive argument that "industry custom and practice is shaped by legal requirements, and Micciche does opine . . . that the law guides the standards . . . ." (Doc. No. 216, p. 5). Accordingly, Micciche may testify as to the practices normally followed by insurance companies regulated by the securities laws, but he cannot purport to instruct the jury on the legal requirements of the statutes and regulations. Micciche is qualified to give his opinion on industry practice, and in doing so is "entitled to state reasonable assumptions regarding the requirements of the applicable" legal requirements. Maiz v. Virani, 253 F.3d 641, 667 (11th Cir. 2001). Defendants certainly will have the opportunity to cross-examine Micciche, at which time they may challenge his assumptions, and the Court will certainly use appropriate jury instructions to "prevent the jury from placing too much weight on [the] expert's legal conclusions." Id. Furthermore, Defendants' contentions that Micciche's opinions regarding "suitability factors" and Pacific Life's alleged "control" of registered representative are erroneous and unreliable are likewise matters properly addressed during cross-examination of the expert. "Vigorous cross-examination,

3

presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 596, 113 S. Ct. at 2798.

## II. Reference to Pacific Life's "Control" of Registered Representatives is Not Barred

This Court granted class certification based upon Defendants' potential *primary* liability, and thus it has previously barred Plaintiffs' reference to the sales persons of Defendants' annuities as "agents" of Pacific Life so as not to confuse or mislead the jury with ideas of secondary liability. However, as Plaintiffs point out, "the relationship between Pacific Life and the sales persons is plainly relevant to primary liability." Defendants' role in any sales misconduct on the part of the sales persons is relevant to their own liability. Thus, references to Pacific Life's "control" of the sales process may occur at trial if they are relevant to Pacific Life's actual participation in any alleged wrongdoing and do not inappropriately seek to infer an agency theory of liability. With proper and specific instructions on the law, the jury is unlikely to be confused by use of the word "control" in this context.

For these reasons, Defendants' Motion (Doc. No. 154) is hereby **DENIED**. Defendants' Request for Oral Argument (Doc. No. 168) is likewise **DENIED**.

**SO ORDERED**, this 6th day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)