FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 FEB -6  A 11: 24

*F. LaVictoire*
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SAMUEL COOPER, ALBERT
FERGUSON, and HERBERT H.
MILLER, JR., on behalf of themselves
and all others similarly situated,

    Plaintiffs,

vs.

PACIFIC LIFE INSURANCE COMPANY,
and PACIFIC SELECT DISTRIBUTORS,
INC.,

    Defendants.

CIVIL ACTION NO.: CV203-131

### ORDER

Defendants have filed a Motion to Preclude Proposed Expert Testimony of Tom Bakos, and to Bar Reference to Pacific Life Variable Annuity Contracts as "Tax Shelters" (Doc. No. 151). Defendants' primary allegation is that Bakos' opinions on the tax deferral aspects of Pacific Life's annuities should be excluded because the opinions are not the product of reliable principles and methods as required by Federal Rule of Evidence 702. Defendants also seek to bar Plaintiffs' referral to their securities as "tax shelters," because they claim such a classification is not supported by the evidence and would be unfairly prejudicial. Finally, Defendants attack Bakos' other opinions as inadmissible or irrelevant. Plaintiffs have filed a Response to Defendants' Motion, in which they contend that Bakos' testimony will be relevant and helpful, that his opinions are reliable, and that the term "tax shelter" is an accurate description of a variable annuity. Defendants have filed a Reply in

AO 72A
(Rev. 8/82)

further support of their Motion. For the following reasons, Defendants' Motion is hereby **DENIED**.

Expert testimony is admissible only if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. City of Tuscaloosa v. Harcros Chem., Inc., 158 F.3d 548, 562 (11th Cir. 1998). Under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the trial judge acts as a gatekeeper to screen expert testimony for admissibility.

Defendants' problems with Bakos' opinions would be more appropriately addressed during cross-examination than in a motion to exclude, as they go primarily to the weight and credibility of his testimony. The parties have a basic factual disagreement as to whether Pacific Life's variable annuities have built-in tax deferral premiums. Defendants' real contention on this motion, evidenced particularly in their reply, is that Plaintiffs have no evidence of such a premium and have no expert who can measure such a premium. These arguments are the types of contentions that well suited for cross-examination and for consideration by the jury in evaluating the credibility of expert testimony. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596, 113 S. Ct. at 2798. Defendants will certainly have the opportunity to cross-examine Bakos.

AO 72A
(Rev. 8/82)

Furthermore, Defendants have presented no persuasive reason for this Court to bar use of the term "tax shelter" at trial. While the Court is cognizant that *some* tax shelters may certainly be abusive or even illegal, a tax shelter in a general sense is simply an investment that reduces tax liability, including completely legal methods used to reduce payments to tax collecting entities vis-a-vis a reduction in taxable income.[1] The term in and of itself is not prejudicial enough to merit a blanket injunction on its use, and any jury confusion may be cured by instruction of the Court.

For these reasons, Defendants' Motion (Doc. No. 151) is **DENIED**. Defendants' Request for Oral Argument (Doc. No. 168) is likewise **DENIED**.

**SO ORDERED**, this 6th day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] BLACK'S LAW DICTIONARY defines "tax shelter" as "[a] financial operation or investment strategy (such as a partnership or real-estate investment trust) that is created primarily for the purpose of reducing or deferring income-tax payments." BLACK'S LAW DICTIONARY 1475 (7th ed. 1999).