IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT

2007 FEB -6  A 11: 02

SAMUEL COOPER, ALBERT
FERGUSON, and HERBERT H.
MILLER, JR., on behalf of themselves
and all others similarly situated,

    Plaintiffs,

vs.

PACIFIC LIFE INSURANCE COMPANY,
and PACIFIC SELECT DISTRIBUTORS,
INC.,

    Defendants.

CIVIL ACTION NO.: CV203-131

## ORDER

Defendants have filed a Motion to Preclude Proposed Expert Testimony of Craig J. McCann and to Bar Comparisons to Other Investments (Doc. No. 150). Defendants' primary allegation is that McCann's opinion as to the reasonableness of the cost of Pacific Life's variable annuities should be excluded because it is not "the product of reliable principles and methods" as is required by Federal Rule of Evidence 702. Plaintiffs have filed a Response to Defendants' Motion (Doc. No. 214), in which they contend that McCann is unquestionably qualified, that his testimony will be reliable and helpful, and that Defendants' contentions actually go to the weight and reasonableness of McCann's testimony as opposed to the admissibility. Defendants have filed a Reply in further support of their Motion (Doc. No. 243). For the following reasons, Defendants' Motion is hereby **DENIED**.

AO 72A
(Rev. 8/82)

Expert testimony is admissible only if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. City of Tuscaloosa v. Harcros Chem., Inc., 158 F.3d 548, 562 (11th Cir. 1998). Under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the trial judge acts as a gatekeeper to screen expert testimony for admissibility.

Defendants' qualms with McCann's opinions actually go to the weight and credibility of his testimony and would be more appropriately addressed during cross-examination than in a motion to exclude. Defendants offer a litany of arguments as to why the comparison of variable annuity contracts with mutual funds must be done in an "apples to apples" manner to produce accurate results, and why McCann's choice of mutual funds with which to make comparisons is faulty. These are precisely the types of contentions that are better suited for cross-examination and for consideration by the jury in evaluating the credibility of expert testimony. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596, 113 S. Ct. at 2798. Defendants will have the opportunity to cross-examine McCann.

Furthermore, Defendants' contention that McCann's opinions regarding the tax treatment of variable annuity investments are "wildly inconsistent" is likewise a matter properly addressed during cross-examination of the expert. Additionally, while Defendants

assert that McCann's relation of the views of regulators and the press should be excluded as hearsay, it is clear that hearsay testimony by experts is permitted where it is based upon the type of evidence reasonably relied upon by experts in the particular field. FED. R. EV. 703; United States v. Cox, 696 F.2d 1294, 1297 (11th Cir.1983). McCann's testimony may include hearsay that forms the basis of his opinion, and any weakness of that basis goes to the weight rather than to the admissibility of his opinion. Finally, it is clear that Plaintiffs do not intend to claim that Defendants were under any duty to compare their products to those of their competitors. Instead, Plaintiffs seek to use the comparisons to illustrate their alleged harm, and shall confine the use of such comparisons in the jury's presence to this point.

For these reasons, Defendants' Motion (Doc. No. 150) is **DENIED**. Defendants' Request for Oral Argument (Doc. No. 168) is likewise **DENIED**.

**SO ORDERED**, this 6th day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)